[Cite as *State v. Bard*, 2021-Ohio-742.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2019 CA 00184 |
| DAVID PAUL BARD | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No  2019 CR 0638A


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      March 12, 2021


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JOHN D. FERRERO      TIMOTHY P. BOGNER
PROSECUTING ATTORNEY      116 Cleveland Avenue, NW
RONALD MARK CALDWELL      600 Courtyard Square
ASSISTANT PROSECUTOR      Canton, Ohio  44702
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Wise, John, J.*

{¶1} Appellant David Paul Bard appeals the judgment entered by the Stark County Court of Common Pleas convicting him of violating R.C. 2925.03(A)(1) Aggravated Trafficking in Drugs. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2} On April 22, 2019, Appellant was indicted on one count of Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1), a felony in the second degree. This charge stemmed from an incident which occurred in March of 2019.

{¶3} On March 22, 2019, Appellant was arrested after a controlled buy of drugs took place. Confidential informant, Jimmy Ludt, was cooperating with the Alliance Police. The intended target of the buy, Aaron Studebaker, did not attend the buy as agreed. Instead, Appellant came with three and a half ounces of crystal methamphetamine to complete the sale.

{¶4} Bard arrived on scene with two other people, went into Wal-Mart, and then exited after making a purchase. Within sight of surveillance, Ludt got out of his car and walked to the passenger side of Appellant's car, handing Appellant $1,000 in marked bills and taking the meth from Appellant. Ludt then returned to his car, and the police arrested Appellant before he could depart.

{¶5} Ludt was arrested on other matters and jailed next to Appellant. Ludt then claimed he only threw the marked bills into the car and grabbed the drugs, eliminating Appellant as the seller.

{¶6} On October 29, 2019, the jury returned a guilty verdict on the sole count of Aggravated Trafficking in Drugs, and found the quantity involved was over five times the bulk amount, but less than fifty times the bulk amount for methamphetamine.

{¶7} On November 4, 2019, the trial court sentenced Appellant to a four-to-six year prison term.

**ASSIGNMENTS OF ERROR**

{¶8} On December 17, 2019, Appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶9} "I. THE STATE COMMITTED PROSECUTORIAL MISCONDUCT WHEN IT REPEATEDLY DEFIED THE TRIAL COURT'S PROHIBITION AGAINST MENTIONING THE SEVERITY LEVEL OF THE CHARGE, AND IT ARGUED IN CLOSING THAT APPELLANT HAD COMMITTED A CRIME OTHER THAN THE CHARGE PRESENTED AT TRIAL.

{¶10} "II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN TRIAL COUNSEL FAILED TO STRIKE A BIASED JUROR."

**I.**

{¶11} In Appellant's First Assignment of Error, Appellant argues the prosecution's remarks regarding the level of the offense and the State arguing charges not presented at trial prejudiced Appellant's right to a fair trial. We disagree.

**{¶12}** As Appellant did not lodge an objection to the error he currently raises, he has therefore waived all but plain error. An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978) at paragraph one of the syllabus; Crim.R. 52(B). To prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Id.* at paragraph two of the syllabus. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

**{¶13}** The test for prosecutorial misconduct is whether the prosecutor's remarks and comments were improper and if so, whether those remarks and comments prejudicially affected the substantial rights of the accused. *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990), cert denied, 498 U.S. 1017, 111 S.Ct. 591, 112 L.Ed.2d 596 (1990). In reviewing allegations of prosecutorial misconduct, we must review the complained-of conduct in the context of the entire trial. *Darden v. Wainwright,* 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). Prosecutorial misconduct will not provide a basis for reversal unless the misconduct can be said to have deprived Appellant of a fair trial based on the entire record. *Lott, supra*, 51 Ohio St.3d at 166, 555 N.E.2d 293.

**{¶14}** A prosecutor's remarks constitute misconduct if remarks were improper and if the remarks prejudicially affected an accused's substantial rights. *State v. Williams,* 99 Ohio St.3d 439, 793 N.E.2d 446, 2003-Ohio-4164. Prosecutorial misconduct will not provide a basis for reversal unless the misconduct can be said to have deprived the Appellant of a fair trial based on the entire record. *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990). The analysis does not include the culpability of the prosecutor, but

the fairness of the trial. *State v. Gapen*, 104 Ohio St.3d 358, 819 N.E.2d 1047, 2004-Ohio-6548. The record must be viewed in its entirety to determine whether the allegedly improper remarks were prejudicial. *State v. Treesh* (2001), 90 Ohio St.3d 460, 739 N.E.2d 749.

**{¶15}** Appellant argues that statements made by the prosecutor during closing arguments and the testimony of Detective Rajcan referencing the level of offense were improper.

**{¶16}** During Detective Rajcan's testimony describing why it mattered if the drugs were sold in a bulk amount, he mentioned the level of offense as being a felony two. The trial court immediately stopped the questioning and instructed the jury to disregard that statement.

**{¶17}** During the prosecutions closing arguments the prosecution recited the statute which made reference to the level of offense being a felony in the second degree. No objection was made at this point during closing arguments.

**{¶18}** Appellant also argues that the prosecutor's closing arguments contained allegations of other criminal misconduct not charged; Intimidation of attorney, victim or witness. During closing arguments the prosecution, summarizing testimony, noted Ludt, the confidential informant, was placed in jail right next to Appellant. The prosecution then asked the jury to use their common sense as to why Ludt changed his testimony, stating, "Ladies and gentlemen, use your reason and your common sense; it's clear to see he made a deal with Jimmy Ludt." Tr. II at 62.

**{¶19}** Upon review and with regard to the statements made in reference to Ludt changing his testimony, we find the State was merely asking the jury to evaluate the credibility of Ludt, consider all the testimony, and use their common sense.

**{¶20}** In the challenged references to the level of the offense, while the references to the level of the offense were improper, the judge properly instructed the jury to disregard during Detective Rajcan's testimony. Appellant has not shown that the references made during closing arguments, while improper, deprived Appellant of a fair trial based on the entire record.

**{¶21}** Moreover, Appellant has not demonstrated, even assuming *arguendo* the prosecutors conduct did deprive Appellant of a fair trial, that "but for" these isolated statements, he would not have been convicted of the crimes.

**{¶22}** We find Appellant was not denied a fair trial due to prosecutorial misconduct.

**{¶23}** Appellant's First Assignment of Error is overruled.

## II.

**{¶24}** In Appellant's Second Assignment of Error, Appellant argues trial counsel was ineffective for failing to strike a biased juror. We disagree.

### a. Standard of Review

**{¶25}** Our standard of review is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; whether counsel's performance

fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

**{¶26}** Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267. In addition, the United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697, 104 S.Ct. 2052. Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980). Counsel's decision to challenge or exclude a juror is typically attributed to trial strategy. *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, 873 N.E.2d 828, ¶64.

### b. Failure to strike a biased juror

**{¶27}** In order to demonstrate that Appellant's trial counsel's performance was objectively unreasonable in light of counsel's failure to strike a juror, Appellant "'***must*** show that [a] juror was ***actually biased*** against him.'" (Emphasis added in *Mundt.*) *Mundt*, at ¶67, quoting *Miller v. Francis*, 269 F.3d 609, 616 (6th Cir.2001). "Actual bias is 'bias in fact'-the existence of a state of mind that leads to an inference that the person will not act with entire impartiality." *United States v. Torres*, 128 F.3d 38, 43 (2d Cir.1997), citing

*United States v. Wood*, 299 U.S. 123, 133, 57 S.Ct. 177, 81 L.Ed. 78 (1936). Therefore, Appellant must prove that the juror, because of the juror's partiality or biases, was not "capable and willing to decide the case solely on the evidence" before that juror. *Smith v. Phillips*, 455 U.S. 209, 217, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).

**{¶28}** Actual bias can be found from either a juror's express admission or from circumstantial evidence of the juror's biased attitudes. *Hughes v. United States*, 258 F.3d 453, 459 (6th Cir.2001). In other instances, courts have found actual bias when a juror unequivocally states he or she cannot be fair due to a law-enforcement bias, *id* at 459-460, when a juror's opinion of the defendant's guilt based on pretrial publicity was fixed, *Irvin v. Dowd*, 366 U.S. 717, 727-728, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961), or when a juror's expressed views on the death penalty would "prevent or substantially impair the performance of his duties," *Morgan v. Illinois,* 504 U.S. 719, 728, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992), quoting *Adams v. Texas*, 448 U.S. 38, 45, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980).

**{¶29}** In the case *sub judice*, juror No. 34 stated he had previously been charged with disorderly conduct while intoxicated and criminal damaging property a few months before the trial. When asked by the trial court, juror No. 34 indicated that he had been treated fairly and that he bore no ill will towards the police. Juror No. 34 went on to explain to the court that he wore a Thin Blue Line sweatshirt, showing support for law enforcement, to court. The trial court then asked if he bore ill will toward either side. The Juror answered in the negative. The trial court then followed up asking juror No. 34 if he could remain fair and impartial, given the incident with police. He indicated he would be able to be fair and impartial.

**{¶30}** Defense counsel did have a peremptory challenge, and failed to strike juror No. 34.

**{¶31}** This Court has previously held that "'[f]ew decisions at trial are as subjective or prone to individual attorney strategy as juror *voir dire*, where decisions are often made on the basis of intangible factors.'" *State v. Dixon*, 5th Dist Muskingum No. CT2013-0055, 2014-Ohio-4235, ¶82, citing *Miller* 269 F.3d at 620. In summary, even though juror No. 34 pointed out to the court he was wearing a Thin Blue Line sweatshirt, he had also previously been charged with disorderly conduct while intoxicated, and he also indicated he could be impartial. Therefore, we conclude counsel's seating of juror No. 34 did not fall below an objective standard of reasonable representation.

**{¶32}** Appellant's Second Assignment of Error is overruled.

**{¶33}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.

By: Wise, John, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/d br 0309